

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Overruled in part by R-2 26*

*This Opinion
Overrules Opinion (in part)
# 2249 dated 9-11-20
Vol 44, p 418*

*Superseded by art. 29d.
V. C S*

Hon. L. D. Ratliff, Jr.
County Attorney
Dickens County
Spur, Texas

Dear Sir:

Opinion No. 2615
Re: The offices of District Clerk and
County Clerk in a county of less
than 8,000 inhabitants, under the
described facts.

Your letter of recent date, requesting the
opinion of this department touching the matters there-
in discussed, reads in part as follows:

"Recent statements in the newspapers
show, that according to the census of the
population just completed, Dickens County now
has a population of some 7,864, less than
8,000. Formerly this County had a population
in excess of 8,000, and in accordance with
the plain provisions of the Constition and
Statutes regularly elected a County Clerk and
also a District Clerk. As I understand the
Constitution and Statutes it will now be nec-
essary to combine the two offices and elect
a joint clerk. We received the information
concerning the population of this County after
the ballot for the coming primary elections
had already been prepared, and at the coming
primary election the voters of this County
will vote on a District Clerk as well as a
County Clerk. It so happens that the present
incumbents of these offices are seeking re-
election without opposition in each case. I
have been requested to submit to your Depart-
ment for opinion the following questions:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. L. D. Ratliff, Jr., page 2

"(1) When should the two offices be com-
bined?

"(2) Assuming that both of the officials
mentioned above will be re-elected to their
respective offices in the coming primary elec-
tion, which of their names should appear on
the general election ballot in November as the
nominee?

"(3) Does the County Clerk automatically
take over the duties of the District Clerk
when the population falls under 8,000?

" . . . ."

The pertinent provisions of the Constitution
and Statutes of Texas are as follows:

Section 9 of Article V of the Constitution of
Texas:

"There shall be a Clerk for the District
Court of each county, who shall be elected by
the qualified voters for the State and county
officers, and who shall hold his office for
two years, subject to removal by information,
or by indictment of a grand jury, and convic-
tion by a petit jury. In case of vacancy, the
judge of the District Court shall have the
power to appoint a clerk, who shall hold until
the office can be filled by election."

Section 20 of Article V of the Constitution of
Texas:

"There shall be elected for each county,
by the qualified voters, a county clerk, who
shall hold his office for two years, who shall
be clerk of the County and Commissioners' Courts
and recorder of the county, whose duties, per-
quisites and fees of office shall be prescribed
by the Legislature, and a vacancy in whose of-
fice shall be filled by the Commissioners' Court,

Hon. L. D. Ratliff, Jr., page 3

until the next general election for county and
State officers; provided, that in counties
having a population of less than eight thou-
sand persons there may be an election of a
single clerk, who shall perform the duties of
district and county clerks."

Article 1894, Revised Civil Statutes of Texas:

"A clerk of the district court of each
county shall be elected at each general elec-
tion for a term of two years. * * * ."

Article 1903, Revised Civil Statutes:

"JOINT CLERK. - In counties having a
population of less than eight thousand persons,
according to the preceding federal census,
only one clerk shall be elected. He shall take
the oath and give the bond required of clerks
of both the district and county courts, and
shall have the powers and perform the duties
of such clerks respectively."

Article 1904, Revised Civil Statutes:

"USE OF COURT SEAL. - When a joint clerk
has been elected, he shall, in performing the
duties of district clerk use the seal of said
court to authenticate his official acts as
clerk of the district court."

Article 1935, Revised Civil Statutes:

"A clerk of the county court of each
county shall be elected at each general elec-
tion for a term of two years. * * * ."

Article 1948, Revised Civil Statutes:

"SHALL USE SEAL - Where in any county a
joint clerk shall have been elected, he shall,
in performing the duties of county clerk, use
the seal of said court to authenticate his of-
ficial acts as such clerk."

Hon. L. D. Ratliff, Jr., page 4

It was held in the case of HOLCOMB, et al v. SPIKES, 232 SW 891, by the Amarillo Court of Civil Appeals, that a preliminary announcement of the census by the Director is an official pronouncement of which the public and all officials may take notice. The opinion in this case reads, in part, as follows:

"It would seem when the bulletin is so published and distributed it then becomes an official pronouncement of the law, of which the public and all officials may take notice * * * . In this case the undisputed facts show the Census Bureau, under the signature of its Director, issued a bulletin showing before the election the population of Lubbock County to be 11,096. This seems to have been official. This information appears to have been given to leading papers of the state. Under the law this information could have been obtained in no other way than through the Director's official act without violating the law and subjecting the party to a charge of felony * * * ."

To the same effect is the case of ERVIN v. STATE, 44 SW (2d) 380, wherein it was declared:

"The opinion is expressed that the preliminary announcement of the census of the city of Abilene was an official pronouncement. This announcement was made prior to the time the jury commissioners selected the panel from which the jury was drawn. The announcement of the population in the preliminary report should have been the guide of officials whose duty it was to act with reference thereto. * * * ."

We are enclosing for your information a copy of our opinion No. O-2357, which treats more fully of this particular question.

Assuming, therefore, as indicated in your letter, that an official pronouncement of the census, within the purview of these cases, has established the population of Dickens County to be less than 6,000 inhabit-

Hon. L. D. Ratliff, Jr., page 5

ants, it follows under Section 20 of Article 7 of the
Constitution of Texas and Article 1903 of the Statutes
of Texas, that only one clerk shall be elected in Dickens
County in the forthcoming general election.

We believe the first and third questions pro-
pounded by you are resolved by the quoted provisions of
the Constitution and statutes. Inasmuch as Dickens
County was authorized from a population standpoint to
elect two clerks in the general election in the year
1938, which we have assumed from your letter, an elec-
tion of both a district clerk and a county clerk was
authorized. This being true, the provisions of Section
9 of Article V of the Constitution and of Article 1894
of the Statutes clearly provide that the district clerk,
upon being elected to such office by the qualified voters,
should hold his office for two years; likewise, as to
the county clerk under Section 20 of Article V of the
Constitution and Article 1935 of the Statutes. It is,
therefore, our opinion that each of these officials in
Dickens County may continue to serve as district and
county clerk, respectively, until the expiration of the
terms of office to which they were heretofore elected.
Thereupon the joint clerk elected by the people at the
general election in November of this year will enter
upon the duties of clerk of the county and district
court of Dickens County.

Your second question presents a difficult prob-
lem and, insofar as the courts of Texas are concerned,
is an original one. It will be observed that neither
the Constitution nor the Statutes provide either that
the county clerk shall assume the duties of the district
clerk or that the district clerk shall assume the duties
of the county clerk when, by force of Section 20 of Ar-
ticle V of the Constitution and Article 1903 of the Stat-
utes, only one clerk may be elected. We may thereupon
conclude that the framers of the Constitution and the
Legislature did not intend that either office should be
subordinate to the other, or the duties of either assumed
by the other, but rather that the duties of each should
devolve upon a joint clerk who would hold the office of
clerk of the county and district court - one office.

Adverting to your letter we note that the

present district and county clerks of Dickens County
are each seeking nomination by the Democratic Party in
the forthcoming party primary election to the respec-
tive offices of district and county clerk. By force
of Section 20 of Article V of the Constitution and of
Article 1903, however, these two offices are not sub-
ject to being filled by election by the qualified voters,
there being in lieu thereof only the joint office of
county and district clerk. It follows that a nomina-
tion by the Democratic Party to either the office of
district clerk or the office of county clerk would be
a nomination for offices which the qualified voters may
not fill by election; consequently, the nomination
would be a futile thing.

Accordingly, we reply to your second question
by stating our opinion to be that even although the
present district clerk and the present county clerk are
renominated in the forthcoming Democratic Party Primary
Election for the offices of district clerk and county
clerk, respectively, their names may not appear on the
general election ballot in November as the nominees of
the Democratic Party for these offices for the reason
that such offices are not to be filled by the qualified
voters. It of course follows, moreover, that unless an
individual is lawfully nominated by the Democratic Party
in its party primary election for the joint office of
county and district clerk, there may not be any nominee
of the Democratic Party placed on the general election
ballot for such office.

We have carefully considered two conference
opinions by this department under dates of June 12, 1920
and September 11, 1920. The first opinion holds, where
two clerks had been lawfully elected at the preceding
general election and the census announcement prior to
the party primaries results in only one clerk being sub-
ject to election in the forthcoming general election,
that the chairman of the Democratic Executive Committee
should not receive and file the application of any per-
son to have his name placed upon the official ballot of
the party as a candidate for the office of district clerk
separate from that of county clerk, but should receive
and file only applications of candidates for the office
of county and district clerk, as one office. Whereas,

the second opinion holds that where the United States Census next preceding the nomination by a political party of candidates for the offices of county clerk and district clerk show such county to have 8,000 inhabitants, and there is another such census following such nominations but preceding the next succeeding general election which shows such county to have less than 8,000 inhabitants, the person so nominated for the office of county clerk becomes, and is, the nominee of such party for the office of county and district clerk, and the name of the person so nominated, and no other, must be printed on the official ballot of the party making such nomination as its candidate for the joint office of county and district clerk. We are unable to reconcile the reasoning of these two opinions, the first to the effect that only the joint office of county and district clerk - one office - is to be filled, and the second to the effect that, nothwithstanding there is no nominee for this one office, the nominee of the party for county clerk becomes, upon the intervening change in population, the nominee of the party for the joint office of county and district clerk, and the nomination of the district clerk must fall. There is no more foundation in the Constitution or Statutes for holding that the nominee for district clerk must give way to the nominee for county clerk than for holding that the nominee for county clerk must give way to the nominee for district clerk. In our opinion therefore, the only logical conclusion that will comport with the Constitution and the Statutes, and with the respective rights of the candidates, is that a person must be nominated as the candidate of the party for the joint office of county and district clerk before he may be placed on the official ballot in the general election in such capacity and that in the absence of such a nomination by the party it may not be remedied or supplied by a party nomination either for the office of county clerk or for the office of district clerk.

You are, accordingly, respectfully advised that it is the opinion of this department that the present holders of the offices of district clerk and county clerk in the county of Dickens may serve the full two year terms to which they were heretofore elected by the

534

Hon. L. D. Ratliff, Jr., page 8.

qualified voters of the county; and that for the name of a person to appear on the general election ballot as the nominee of the Democratic Party for the joint office of county and district clerk, such person must have been lawfully nominated by the party for such office in the party primary – a nomination by the party for the respective offices of county clerk or district clerk will not suffice as a nomination for the joint office of county and district clerk of Dickens County. These conclusions are, of course, premised upon the facts which we have assumed from the statements contained in your communication.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Zollie C. Steakley
Assistant

ZCS:cb
ENCLOSURE

APPROVED JUL 25, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN